**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ABRAHAM/RASHEEN
GRANT/RAKIM                                                                                          PLAINTIFF
ADC #128147

V.                                          NO: 5:15CV00133 KGB/JWC

WATSON *et al.*                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Abraham Grant, an inmate who is currently incarcerated at the Arkansas Department of Correction's Varner Super Max Unit, filed a *pro se* complaint, along with an application for leave to proceed *in forma pauperis*, on April 27, 2015.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-

1

strikes provision of the Prison Litigation Reform Act ("PLRA"), his application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Grant v. Norris et al.*, ED/AR No. 5:06CV00190, *Grant v. Hobbs*, ED/AR No. 5:12CV00244, *Grant v. Proctor et al.*, ED/AR No. 2:12CV00133.[1] Plaintiff's three strikes have been recognized in this District previously. *See Grant v. May et al.*, ED/AR No. 5:13CV00120. The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff claims that Defendants are falsifying reports to keep him in

---

[1]The dismissals in *Grant v. Norris et al.* and *Grant v. Proctor et al.* both reference the immunity of certain Defendants. However, the Court also concluded that Plaintiff failed to state a claim upon which relief could be granted in *Grant v. Norris et al.*, and determined Grant's complaint was frivolous in *Grant v. Proctor et al.* Thus, both cases count as strikes despite the immunity of some Defendants. *See Castillo-Alvarez v. Krukow*, 768 F.3d 1219 (8th Cir. 2014) (holding dismissals based on immunity alone are not strikes when the District Court does not state the action is frivolous, malicious, or fails to state a claim).

administrative segregation.² Nothing in the complaint describes any imminent danger of serious physical injury.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's application for leave to proceed *in forma pauperis* (docket entry #1) be DENIED, and his complaint be DISMISSED WITHOUT PREJUDICE. If Plaintiff wishes to continue this case, he should be required to submit the statutory filing and administrative fees of $400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the cases's dismissal, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case should be reopened.

2. The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 30ᵗʰ day of April, 2015.

                                                     UNITED STATES MAGISTRATE JUDGE

---

²Plaintiff raised the same claims in *Grant/Rakim v. Watson et al.*, ED/AR No. 5:15CV00117.